O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA Y. MENDOZA-DE RUIZ,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CAROLYN W. COLVIN,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>　　　　　Defendant. | Case No. LA CV 14-6590 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

　　　Irma Y. Mendoza-De Ruiz ("Plaintiff") challenges the Social Security Commissioner's decision denying her application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") erroneously determined that she could perform her past relevant work as a hand packager (as generally and actually performed) or a sewing instructor (as actually performed). The Court agrees with Plaintiff for the reasons discussed below.

　　　A.　　The ALJ Improperly Determined Plaintiff Could Perform Past Relevant Work

　　　Although the burden of proof rests with the claimant at step four of the disability evaluation, the ALJ must make specific factual findings regarding the claimant's residual functional capacity ("RFC"), the physical and mental demands of

1

the past relevant work, and the relation of the RFC to the past work. *Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001). The ALJ is required to make explicit findings regarding a claimant's past relevant work either as generally performed or as actually performed, but is not required to make findings about both. *Id.* at 845.

### 1. Hand Packager Job as Generally Performed

First, Plaintiff contends that the ALJ erred in determining she could perform the hand packager job as generally performed. Specifically, she contends that her RFC conflicts with the Dictionary of Occupational Titles ("DOT")'s description of the reaching requirements for that job.[1] (Joint Stip. at 5-14.)

The DOT is usually the best source for how a job is generally performed. *Pinto*, 249 F.3d at 845. As a rule, when a vocational expert ("VE") provides evidence about the requirements of a claimant's past job, the ALJ has "an affirmative responsibility to ask about any possible conflict" between that testimony and the DOT, and to obtain a reasonable explanation for the deviation. Social Security Ruling ("SSR") 00-4p, 2000 WL 1898704, at *4; *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007).

Here, the ALJ erred because neither her decision, nor the VE's testimony, acknowledged or reconciled the conflict between (1) Plaintiff's RFC of only occasional overhead reaching, and (2) the DOT's description of the hand packager job as requiring "constant" reaching.[2] (AR at 32, 35, 95-102); DOT No. 920.587-018, 1991 WL 687916; *see Giles v. Colvin*, 2013 WL 4832723, at *3-4 (C.D. Cal. Sept. 10, 2013) (vacating ALJ's decision because ALJ did not explore conflict between claimant's RFC of occasional reaching and DOT's description of hand packager job as

---

[1] To the extent Plaintiff contends that there is also a conflict between the sewing instructor job and the DOT, the Court does not address that argument, because the ALJ made no finding that Plaintiff could perform that job as generally performed. (*See* Joint Stip. at 7; AR at 35.)

[2] Significantly, Defendant does not dispute this conflict. *See Kinley v. Astrue*, 2013 WL 494122, at *3 (S.D. Ind. Feb. 8, 2013) ("The Commissioner does not respond to this argument, and it is unclear whether this is a tacit admission by the Commissioner that the ALJ erred or whether it was an oversight. Either way, the Commissioner has waived any response.").

requiring constant reaching); *see also Lovings v. Colvin*, 2014 WL 2159394, at *4-5 (C.D. Cal. May 23, 2014) (collecting similar cases).

Accordingly, the ALJ erred in determining Plaintiff could perform the hand packager job as generally performed.

### 2. Hand Packager and Sewing Instructor Jobs as Actually Performed

Next, Plaintiff contends that the ALJ erred because the record is insufficient to determine the amount of reaching Plaintiff actually performed in her prior work as a hand packager or sewing instructor. (Joint Stip. at 8, 17-18.)

As a rule, the ALJ may assess a claimant's past relevant work as actually performed by considering the claimant's testimony and/or a properly completed vocational report. *Pinto*, 249 F.3d at 845; SSR 82-61, 1982 WL 31387, at *2; SSR 82-62, 1982 WL 31386, at *3.

Preliminarily, contrary to Defendant's assertion, the ALJ did not rely on or even cite Plaintiff's descriptions of her past work in the decision. (*See* Joint Stip. at 15; AR 35); *Marush v. Astrue*, 2011 WL 1314313, at *6 (W.D. Wash. Mar. 14, 2011) ("Because the ALJ cited no evidence addressing the overhead reaching . . . demands of each of [claimant's] jobs, the ALJ's conclusion that [claimant's] RFC would permit a return to her past jobs is speculation unsupported by the evidence in the record or any reasonable inference from that evidence.").

Second, although Plaintiff was briefly questioned about her prior work, neither the VE nor the ALJ asked her about the reaching requirements of the prior jobs despite acknowledging Plaintiff's reaching limitation. (AR at 94-95); *see Smith v. Astrue*, 252 F. App'x 820, 823 (9th Cir. 2007) ("At a minimum, [the ALJ] should have . . . questioned claimant at the hearing to determine . . . how much overhead reaching was required since, at the time of the hearing, he acknowledged [that] limitation[]."); *Giles*, 2013 WL 4832723, at 3 (in the absence of any information from claimant "it was sheer guesswork for the expert to opine that [claimant] actually performed her former job without more than occasional overhead reaching").

Third, Plaintiff's silence on her vocational report regarding reaching is insufficient to establish whether reaching was actually performed in her prior jobs. (AR at 215, 218); *see Grant v. Colvin*, 2014 WL 1123557, at *7 (S.D. Ohio, Mar. 20, 2014) (vocational report silent on particular restriction has no probative value as to whether a person with all of claimant's restrictions could return to past relevant work); *Marush*, 2011 WL 1314313, at *6 (vocational report not sufficiently clear to forego additional development of record).

Accordingly, the ALJ erred by determining Plaintiff could perform her past relevant work as actually performed.

B. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to direct an immediate award of benefits. *Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where outstanding issues must be resolved before a determination can be made, or where the record does not make clear that proper evaluation of the evidence would require a disability finding, remand is appropriate. *Id.* at 594.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall, with the assistance of a VE, analyze the physical demands of Plaintiff's past relevant work. In making this determination, the ALJ shall inquire on the record whether the VE's testimony is consistent with the DOT's reaching requirements and, if it is not, obtain an explanation for any deviation. *See Massachi*, 486 F.3d at 1152-53.

The ALJ shall then reassess whether, in light of Plaintiff's RFC, she is capable of performing any of her past relevant work either as it was actually performed, or as it is generally performed in the national economy. If the ALJ concludes that Plaintiff is capable of performing her past relevant work, the decision must contain sufficient

factual findings to support the determination as required by SSR 82-62, 1982 WL 31386, at *4.

If the ALJ determines that Plaintiff cannot return to her past work, the ALJ must continue to step five and, with the help of a VE, ascertain whether there are other jobs existing in significant numbers in the regional and national economies that Plaintiff can perform. Here, again, the ALJ should obtain a reasonable explanation from the VE, if one exists, for any conflict between his testimony and the DOT. *See, e.g., Hernandez v. Astrue*, 2011 WL 223595, at *5 (C.D. Cal. Jan. 21, 2011).

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

DATED: September 18, 2015

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

\*\*\*

**This Memorandum Opinion and Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

\*\*\*